UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>                Plaintiff,<br>vs.<br><br>ROGELIO PINA.<br><br>                Defendant. | CASE NO. 08cv1297-L(LSP)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

      Plaintiff Grace L. Sandoval, proceeding *pro se*, has submitted a complaint pursuant to 18 U.S.C. § 1962. With the complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis* ("IFP") and a Request for Appointment of Counsel.

      All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's declaration shows she has insufficient income and assets to pay the filing fee. Accordingly, Plaintiff's motion to proceed IFP is granted.

      The court is obligated to review a complaint filed IFP and must dismiss it if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such

1 relief. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).
2 "[W]hen determining whether a complaint states a claim, a court must accept as true all
3 allegations of material fact and must construe those facts in the light most favorable to the
4 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

5       Plaintiff is attempting to bring a civil action under the Racketeer Influenced and
6 Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c) and/or (d). (*See* docket
7 no. 1, Civil Cover Sheet.) Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his
8 business or property by reason of a violation of section 1962 of this chapter may sue
9 therefor in any appropriate United States district court . . .."

10       Neither the complaint nor the RICO Case Statement filed therewith are sufficient to
11 state a claim under the civil RICO statute. In a 28-page complaint devoid of any headings
12 or even paragraphs Plaintiff offers a stream-of -consciousness account of alleged criminal
13 activity. Plaintiff alleges primarily assault, personal injuries, rape, kidnaping, and burglary
14 of Plaintiff and numerous other individuals by Defendant and other persons whose
15 connection to Defendant is unclear.

16       "A civil RICO claim requires allegations of the conduct of an enterprise through a
17 pattern of racketeering activity that proximately caused injury to the plaintiff." *Swartz v.*
18 *KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007). Specifically, the "elements of a civil
19 RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of
20 racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or
21 property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th
22 Cir. 2005). To establish liability, "one must allege and prove the existence of two distinct
23 entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred
24 to by a different name." *Id.* The allegations in the complaint do not provide a basis for an
25 inference that the alleged criminal activity was a part of an enterprise or that Defendant was
26 engaged in such an enterprise. Accordingly, Plaintiff fails to state a claim for a civil RICO
27 violation.
28 / / / / /

1 | Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is
2 | **GRANTED**. Further, the complaint is **DISMISSED WITH LEAVE TO AMEND.**
3 | Plaintiff is granted thirty (30) days' leave from the date this order is "Filed" in which to file
4 | a first amended complaint and RICO case statement. Plaintiff's amended complaint must
5 | be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R.
6 | 15.1. Defendants not named and all claims not re-alleged in the amended complaint will be
7 | deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).
8 | Further, if Plaintiff's amended complaint fails to state a claim upon which relief may be
9 | granted, it may be dismissed without further leave to amend and may hereafter be counted
10 | as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79
11 | (9th Cir. 1996)**.** Plaintiff's motion for appointment of counsel is **DENIED WITHOUT**
12 | **PREJUDICE** to refiling it together with the amended complaint.
13 | **IT IS SO ORDERED**.

DATED: July 23, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL